UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COREY DARRELL GODFREY,

        Petitioner,

                                           CASE NO. 08-10865

v.

                                           PAUL D. BORMAN

CINDI CURTIN,                         UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Petitioner Corey Darrell Godfrey has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for first-degree home invasion and two counts of unlawfully driving away an automobile. Petitioner was sentenced as a fourth felony offender to a term of thirty-five to sixty years in prison.

Currently pending before the Court is Petitioner's motion for appointment of counsel. Petitioner alleges that he is indigent, that his claims have merit, and that he lacks the training, skills, and resources to litigate his claims.

The United States Court of Appeals for the Sixth Circuit has explained that

> "[a]ppointment of counsel in a civil case is not a constitutional right. *Mekdeci v. Merrell National Laboratories,* 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir.1982)." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985). In determining whether "exceptional circumstances" exist, courts have examined "the type of case and the abilities of the plaintiff to represent himself." *Archie v. Christian,* 812 F.2d 250, 253 (5th Cir. 1987); *see also Poindexter v. FBI,* 737 F.2d 1173, 1185 (D.C. Cir. 1984). This generally involves a determination of the "complexity of the factual and legal issues involved." *Cookish v. Cunningham,* 787 F.2d 1, 3 (1st Cir.1986).

> Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous, *Henry v. City of Detroit Manpower Department,* 739 F.2d 1109, 1119 (6th Cir.1984), or when the chances of success are extremely slim. *Childs v. Duckworth,* 705 F.2d 915, 922 (7th Cir.1983); *McKeever v. Israel,* 689 F.2d 1315, 1320-21 (7th Cir.1982); *Ma[c]lin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981).
>
> *Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985).

*Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The decision whether to appoint counsel is "a decision left to the sound discretion of the district court, and this decision will be overturned only when the denial of counsel results in 'fundamental unfairness impinging on due process rights.' " *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992) (quoting *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir.1982) (quoting *LaClair v. United States,* 374 F.2d 486, 489 (7th Cir.1967)).

Petitioner's only habeas claim alleges that the trial court abused its discretion at sentencing. Petitioner contends that: (1) his sentence exceeded the sentencing guidelines and that the reasons given for departing from the guidelines were inadequate; (2) his sentence was disproportionate to the offense and to the offender; and (3) the sentence constituted cruel and unusual punishment.

The Supreme "Court 'has on occasion stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime.' But '[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.'" *Ewing v. California*, 538 U.S. 11, 21 (2003) (quoting *Rummel v. Estelle,* 445 U.S. 263, 271 & 272 (1980)).

In light of *Ewing* and other Supreme Court decisions on sentencing issues, Petitioner's

2

chances of succeeding on his habeas claim are slim. Furthermore, the habeas petition, supporting brief, and orderly appendix indicate that Petitioner has the ability to represent himself. The interests of justice do not require appointment of counsel. Therefore, Petitioner's motion for appointment of counsel [docket entry #3, Mar. 13, 2008] is DENIED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 7, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 7, 2008.

s/Denise Goodine  
Case Manager