UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY DARRELL GODFREY,

        Petitioner,

                                              CASE NO. 08-10865

v.

                                              PAUL D. BORMAN

CINDI CURTIN,                         UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Corey Darrell Godfrey has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges Petitioner's sentence of thirty-five to sixty years for first-degree home invasion. Petitioner's arguments concerning the scoring of the state sentencing guidelines are not cognizable claims on habeas review, and his Eighth Amendment claim lacks merit. Therefore, the habeas petition will be denied.

## I. BACKGROUND

Petitioner was charged with breaking into a Detroit woman's home on March 27, 2005, while the woman and her female guest were sleeping. The ladies' vehicles and other personal property were taken. The prosecutor's theory was that Petitioner and his juvenile accomplice crawled through a window in the home, took the ladies' keys, left the premises, and returned in order to remove some more things. The police found the ladies' cars and some of their stolen property within hours of the home invasion. They arrested Petitioner and a teenager, both of whom fit a description given of the suspects by a security guard, when the two young men exited

a home near the stolen parked cars. Although Petitioner had a screwdriver and one victim's wallet in his pocket, he testified at trial that these items actually came from the pocket of the other young man. He denied committing the crime or being near the victim's home on the night in question. His defense was that he was attempting to buy stolen property at the time of his arrest.

On July 28, 2005, a circuit court jury in Wayne County, Michigan found Petitioner guilty, as charged, of one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and two counts of unlawfully driving away an automobile, MICH. COMP. LAWS § 750.413. The trial court sentenced Petitioner as a habitual offender, fourth offense, to a term of thirty-five to sixty years in prison for the home invasion and to a consecutive term of six to fifteen years for the two counts of unlawfully driving away an automobile. The Michigan Court of Appeals affirmed Petitioner's sentence after concluding that the trial court did not abuse its discretion in departing upwards from the sentencing guidelines. *See People v. Godfrey*, No. 264602 (Mich. Ct. App. Oct. 24, 2006) (unpublished). The Michigan Supreme Court denied leave to appeal on February 27, 2007, because it was not persuaded to review the issue. *See People v. Godfrey*, 477 Mich. 1033 (2007).

Petitioner filed his habeas corpus petition on March 3, 2008. His sole ground for relief reads:

> The trial court abused its discretion when it sentenced Petitioner to a 35-60 year sentence, which greatly exceeds the sentencing guidelines and is disproportionate to the offense and the offender; the departure reasons are inadequate and the sentence was base[d] upon factors either not in evidence or already considered by the guidelines, so that it is both cruel and unusual punishment and violative of due process.

Respondent argues in an answer to the habeas petition that Petitioner's claim is not cognizable

on federal habeas review and that the Eighth Amendment's prohibition on cruel and unusual punishment is not implicated in his claim.

## II. STANDARD OF REVIEW

The Court may grant relief only if the state court's adjudication of Petitioner's claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

## III. ANALYSIS

### A. The State Court's Decision

Petitioner contends that his sentence greatly exceeded the state sentencing guidelines and that it is disproportionate to the offense and the offender. He also contends that the trial court's reasons for departing from the guidelines were inadequate, and that the sentence was based on facts either not in evidence or already considered by the guidelines.

The Michigan Court of Appeals rejected these arguments, stating that

> [t]he trial court had a valid basis for departing from the guidelines. It properly found that the guidelines did not give adequate weight to defendant's lengthy criminal history. Defendant received a total prior record variable score of 135 points, nearly twice the maximum score of 75 points necessary to place defendant in the highest category of prior offenders. This was a valid basis for exceeding the guidelines. *People v Stewart,* 442 Mich 937-938; 505 NW2d 576 (1993). Further, the guidelines did not account for the revolving-door nature of defendant's contacts with the criminal justice system. As the trial court observed, the only time defendant has refrained from criminal behavior has been when he was incarcerated. Further, while the guidelines account for defendant's role as a leader in a multiple offender situation, MCL 777.44, they do not take into account that he contributed to the delinquency of a minor. See MCL 750.145. Likewise, the guidelines did not take into account that defendant committed contemporaneous offenses involving theft of the vehicles. Nor do they account for defendant's perjured testimony, which was relevant to defendant's prospects for rehabilitation. *People v Houston,* 448 Mich 312, 324; 532 NW2d 508 (1995); *People v Adams,* 430 Mich 679, 693-694; 425 NW2d 437 (1988). In addition, while a home invasion is elevated to first-degree by another person's lawful presence in the house, MCL 750.110a(2)(b), neither that nor the guidelines accounted for the particular nature of this invasion, which involved entry into the bedroom of the sleeping homeowner and her guest. Given these factors, the trial court did not abuse its discretion in departing upwards from the guidelines.

*Godfrey*, Mich. Ct. App. No. 264602, 2006 WL 3020246, at * 2.

### B. The Alleged Violations of State Law

The state court's alleged misinterpretation of the Michigan sentencing guidelines is a matter of state concern only. *Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. Sept. 16, 2003) (unpublished opinion citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir.1991), and *Branan*

4

*v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988)). Therefore, Petitioner's challenge to the scoring of the state sentencing guidelines is not a cognizable claim on federal habeas corpus review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges,* 423 U.S. 19, 21 (1975) ( *per curiam* )). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

### C. The Eighth Amendment Claim

Petitioner's constitutional claim is that his sentence was cruel and unusual punishment under the Eighth Amendment to the United States Constitution. He was twenty-four years old at sentencing, and the sentencing guidelines called for a minimum sentence of twenty-four years in prison for the home invasion. The trial court deviated upward from the guidelines because it thought that twenty-four years was an inappropriate sentence. Petitioner was on parole for another offense when he committed the crimes in this case, and he faced a potential sentence of life imprisonment as a fourth felony offender.

The Eighth Amendment "proscribes 'all excessive punishments, as well as cruel and unusual punishments that may or may not be excessive.'" *Kennedy v. Louisiana*, __ U.S. __, __, 128 S. Ct. 2641, 2649 (2008) (quoting *Atkins v. Virginia,* 536 U.S. 304, 311, n. 7 (2002)). The Amendment's "protection against excessive or cruel and unusual punishments flows from the basic 'precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense.'" *Id*. (quoting *Weems v. United States,* 217 U.S. 349, 367 (1910)). However, a plurality of the Supreme Court has held that the Eighth Amendment contains no proportionality

guarantee. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*. at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)).

The Supreme Court's decisions in recidivist cases are helpful in determining whether Petitioner's sentence was "grossly disproportionate" to the crime and the offender. In *Rummell v. Estelle*, 445 U.S. 263 (1980), the Supreme Court held that life imprisonment was not cruel and unusual punishment for a recidivist who obtained $120.75 by false pretenses, a crime normally punishable by no more than ten years in prison. In *Hutto v. Davis*, 454 U.S. 370 (1982), the Supreme Court determined that forty years in prison for possession and distribution of approximately nine ounces of marihuana was not cruel and unusual punishment under the Eighth Amendment. More recently, the Supreme Court determined that a sentence of fifty years to life imprisonment for a recidivist who stole about $150 in videotapes did not violate the gross disproportionality principle. *See Lockyer v. Andrade*, 538 U.S. 63 (2003). These Supreme Court decisions and Petitioner's extensive criminal record lead this Court to conclude that Petitioner's sentence of thirty-five to sixty years for first-degree home invasion was not grossly disproportionate or unconstitutional.

## IV. CONCLUSION

The state appellate court's opinion affirming Petitioner's sentence did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, the petition for a writ of habeas corpus is **DENIED**. The Court **DECLINES** to issue a certificate of appealability, because reasonable jurists would not find the Court's assessment of Petitioner's constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S.

473, 484 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization from this Court because he was granted *in forma pauperis* status in this Court. Fed. R. App. P. 24(a)(3).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 31, 2008.

s/Denise Goodine
Case Manager